IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELECTRIC POWER SUPPLY ASSOCIATION, DYNEGY INC., EASTERN GENERATION LLC, NRG ENERGY, INC., and CALPINE CORPORATION<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANTHONY M. STAR, in his official capacity as Director of the Illinois Power Agency, and BRIEN J. SHEAHAN, JOHN R. ROSALES, SADZI MARTHA OLIVA, MIGUEL DEL VALLE, and SHERINA MAYE EDWARDS, in their official capacities as Commissioners of the Illinois Commerce Commission,<br><br>　　　　Defendants. | Case No. 1:17-cv-01164<br><br>District Judge Manish S. Shah |

**UNOPPOSED MOTION TO INTERVENE
OF EXELON GENERATION COMPANY, LLC**

Exelon Generation Company, LLC ("Exelon") moves to intervene as of right as a defendant in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, for permissive intervention pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. Plaintiffs and Defendants do not oppose this motion.

　　1.　　A proposed Answer is attached as Exhibit A to this motion, pursuant to Rule 24(c), to allow the Court to ascertain the claims and defenses Exelon would raise. However, should this court grant leave to intervene, Exelon intends to file a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) on or before Defendants' deadline for filing a Rule 12 motion or

1

responsive pleading. Accordingly, Exelon requests that this Court defer filing of the proposed Answer until after resolution of its forthcoming motion to dismiss.

2. This motion is supported by the Declaration of Jeanne Jones, which is attached to this motion as Exhibit B.

3. Exelon is entitled to intervene as of right in this action to protect its substantial economic interest in the zero emission credit ("ZEC") program that is the subject of Plaintiffs' Complaint. Exelon is the owner of several nuclear generating plants that are eligible for and could be the beneficiaries of ZEC payments when the ZEC Program goes into effect. Plaintiffs seek a permanent injunction preventing the IPA and ICC from implementing the ZEC Program. Thus, Exelon has a direct and substantial interest in this litigation that could be impaired by the Court's disposition of the action.

4. Exelon's motion to intervene is timely, as this motion was filed at the earliest possible stage of the case. This action was commenced on February 14, 2017. The initial pre-trial conference has not yet been held, the defendants have yet to file their answer, and no discovery deadlines have passed. As a result, granting the motion will not cause any disruption or delay to the proceedings. Nor will any of the existing parties—none of which oppose the motion—be prejudiced.

5. Exelon's interests are not adequately represented by the existing parties. Exelon's interests are rooted in its economic interests in its facilities that are eligible to participate in the ZEC Program and could be the recipients of billions of dollars of ZEC payments. Defendants' interests, by contrast, are distinct and are focused on protecting the scope of its regulatory authority and the achievement of the State's environmental goals. Exelon's economic interests in the

continued operations of its nuclear plants, although consistent with Illinois's environmental goals, are distinct.

6. Alternatively, the Court should exercise its discretion to grant permissive intervention. As demonstrated in its attached proposed Answer, Exelon's defenses regarding the legality of the ZEC Program are in common with those that will be presented by the Defendants. Moreover, many of Plaintiffs' allegations concern the mechanics of the wholesale markets, the operation and bidding behavior of nuclear facilities, the particular legal and financial status of Exelon's facilities, and predictions about what those plants would do absent or as a result of the ZEC Program. Exelon has specialized knowledge of each of those areas—knowledge that the existing parties lack. Exelon will therefore significantly contribute to the development of the legal issues and any factual record in this case.

7. Counsel for Exelon consulted with counsel for Plaintiffs and Defendants regarding this motion. Plaintiffs and Defendants do not oppose this motion.

For these reasons and those expressed in the accompanying memorandum of law, Exelon Generation Company, LLC respectfully requests that this Court GRANT its motion to intervene.

March 15, 2017

Respectfully submitted,

/s/ Gabriel A. Fuentes

| | |
|---|---|
| Gabriel A. Fuentes | Matthew E. Price* |
| JENNER & BLOCK LLP | David W. DeBruin* |
| 353 N. Clark St. | Zachary C. Schauf* |
| Chicago, IL 60654 | William K. Dreher* |
| (312) 222-9350 | JENNER & BLOCK LLP |
| gfuentes@jenner.com | 1099 New York Ave. NW, Suite 900 |
| | Washington, DC 20001 |
| | (202) 639-6873 |
| *Pro hac vice application pending | mprice@jenner.com |

*Counsel for Movant-Intervenor Exelon Generation Company, LLC*