IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | | |
|---|---|---|
| ELECTRIC POWER SUPPLY ASSOCIATION, DYNEGY INC., EASTERN GENERATION LLC, NRG ENERGY, INC., and CALPINE CORPORATION | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 1:17-cv-01164 |
| | | District Judge Manish S. Shah |
| ANTHONY M. STAR, in his official capacity as Director of the Illinois Power Agency, and BRIEN J. SHEAHAN, JOHN R. ROSALES, SADZI MARTHA OLIVA, MIGUEL DEL VALLE, and SHERINA MAYE EDWARDS, in their official capacities as Commissioners of the Illinois Commerce Commission, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) | |

---

**MOTION FOR PERMISSIVE INTERVENTION OF**
**THE ENVIRONMENTAL LAW & POLICY CENTER**

The Environmental Law & Policy Center ("ELPC") moves for permissive intervention in this action pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Counsel for ELPC consulted with counsel for Plaintiffs, the State of Illinois Defendants, and the Intervenor-Defendants regarding this Motion. Plaintiffs and Intervenor-Defendants oppose ELPC's Motion, and the State Defendants have not yet taken a position on it.

1.  ELPC is a 501(c)(3) nonprofit organization that works to promote clean energy and a healthy environment in Midwestern states. ELPC's headquarters are located in Chicago, and ELPC maintains regional offices in Iowa, Michigan, Minnesota, North Dakota, Ohio and Wisconsin.

1

2. ELPC has a deep organizational interest in expanding the development and use of renewable energy in Illinois and throughout the Midwest. Specifically, ELPC and its members have a significant interest in the successful implementation of the Illinois Renewable Portfolio Standard ("RPS") and its associated renewable energy credit ("REC") procurement programs, as amended by the Illinois Future Energy Jobs Act ("FEJA") (Illinois P.A. 99-0906). ELPC has had longstanding engagement in the development of renewable energy policy in Illinois including the first Illinois RPS in 2007 (part of the Illinois Power Agency Act, 20 ILCS 3855 *et seq.*). Over the past ten years, ELPC has led efforts to implement the RPS through proceedings before the Illinois Power Agency ("IPA") and Illinois Commerce Commission ("ICC"). ELPC has also worked to strengthen the RPS over time and was a lead negotiator and advocate for the amended RPS provisions in the Future Energy Jobs Act in 2016.

3. Rule 24 allows parties to request intervention either by right or by permission. Rule 24(b)—"Permissive Intervention"—provides a court with the discretion to "permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3).

4. ELPC satisfies the standards for permissive intervention under Rule 24(b). The Plaintiffs' Complaint does not directly challenge the Illinois RPS, but the preemption and dormant commerce clause theories advanced by Plaintiffs in this case could threaten the State's ability to successfully implement the RPS. Indeed, Plaintiffs have specifically referenced and relied on *dicta* in certain cases questioning the legality of another state's RPS. *See* Pls.' Memorandum in Support of Motion for Preliminary Injunction at 20 (citing dicta from a Seventh

Circuit case calling into question the constitutionality of Michigan's RPS). Thus, ELPC's defense of the Illinois RPS "shares with the main action a common question of law," namely the scope of state authority to encourage renewable and other forms of electricity generation under the dormant commerce clause. Moreover, ELPC's motion to intervene is timely and its participation would not delay or prejudice the adjudication of the original parties' rights. The Court has not yet issued any substantive orders and ELPC filed this motion within approximately one week of Plaintiffs' Motion for Preliminary Injunction.

5. ELPC has significant expertise on Illinois and other state renewable energy policies and has experience litigating preemption and dormant commerce clause issues as they relate to state renewable energy laws. Plaintiffs' legal arguments threaten ELPC's substantial interest in the Illinois RPS that ELPC must protect. Judges frequently exercise their discretion to allow parties to intervene under Rule 24(b) where their participation would enable the Court to "address important issues … with fairness and finality." *Students & Parents for Privacy v. United States Dep't of Educ.*, No. 16 C 4945, 2016 U.S. Dist. LEXIS 77728 (N.D. Ill. June 15, 2016); *City of Greenville v. Syngenta Crop Prot., Inc.*, No. 10-cv-188-JPG, 2011 U.S. Dist. LEXIS 79755 (S.D. Ill. July 21, 2011). For these reasons and those expressed in the accompanying memorandum of law, ELPC respectfully requests that this Court GRANT its motion to intervene.

Dated: April 10, 2017                                   Respectfully Submitted,

                                                        /s/ Bradley Klein

                                                        Howard A. Learner
                                                        Robert Kelter
                                                        Bradley Klein*
                                                        Environmental Law & Policy Center
                                                        35 East Wacker Drive, Suite 1600

*Pro hac vice* application pending

Chicago, Illinois 60601
(312) 673-6500
HLearner@elpc.org

*Attorneys for Movant-Intervenor Environmental Law & Policy Center*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELECTRIC POWER SUPPLY ASSOCIATION, ) <br> DYNEGY INC., EASTERN GENERATION ) <br> LLC, NRG ENERGY, INC., and ) <br> CALPINE CORPORATION ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANTHONY M. STAR, in his official capacity as ) <br> Director of the Illinois Power Agency, and BRIEN ) <br> J. SHEAHAN, JOHN R. ROSALES, SADZI ) <br> MARTHA OLIVA, MIGUEL DEL VALLE, and ) <br> SHERINA MAYE EDWARDS, in their official ) <br> capacities as Commissioners of the Illinois ) <br> Commerce Commission, ) <br> ) <br> Defendants. ) | Case No. 1:17-cv-01164 <br><br> District Judge Manish S. Shah <br><br> Magistrate Judge Susan E. Cox |

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 7.1 and L.R. 3.2, Movant-Intervenor Environmental Law & Policy Center states that it is a not-for-profit organization and has no affiliates.

Dated: April 10, 2017　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Bradley Klein

　　　　　　　　　　　　　　　　　　　　　　Howard A. Learner
　　　　　　　　　　　　　　　　　　　　　　Robert Kelter
　　　　　　　　　　　　　　　　　　　　　　Bradley Klein*
　　　　　　　　　　　　　　　　　　　　　　Environmental Law & Policy Center
　　　　　　　　　　　　　　　　　　　　　　35 East Wacker Drive, Suite 1600
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　(312) 673-6500
*Pro hac vice* application pending　　　　　HLearner@elpc.org

*Attorneys for Movant-Intervenor Environmental Law & Policy Center*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 10, 2017 /s/ Howard A. Learner