**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

| | |
|---|---|
| ELECTRIC POWER SUPPLY ASSOCIATION, ) <br> DYNEGY INC., EASTER GENERATION ) <br> LLC, NRG ENERGY, INC., and ) <br> CALPINE CORPORATION ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANTHONY M. STAR, in his official capacity as ) <br> Director of the Illinois Power Agency, and BRIEN ) <br> J. SHEAHAN, JOHN R. ROSALES, SADZI ) <br> MARTHA OLIVA, MIGUEL DEL VALLE, and ) <br> SHERINA MAYE EDWARDS, in their official ) <br> capacities as Commissioners of the Illinois ) <br> Commerce Commission ) <br> ) <br> Defendants. ) | Case No. 1:17-cv-01164 <br><br> District Judge Manish S. Shah <br><br> Magistrate Judge Susan E. Cox |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE
OF THE ENVIRONMENTAL LAW & POLICY CENTER**

The Environmental Law & Policy Center ("ELPC") respectfully submits this memorandum of law in support of its motion for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. The Court should exercise its discretion to grant ELPC's motion to ensure that ELPC can defend its strong interest in the Illinois Renewable Portfolio Standard ("RPS") and its associated Renewable Energy Credit ("REC") programs. ELPC is a not-for-profit environmental advocacy organization with a deep organizational interest in promoting state renewable energy markets. ELPC has had longstanding engagement in the development and implementation of renewable energy policy in Illinois since the RPS law's inception ten years ago. Over the past several years, ELPC has worked to modernize and expand

1

the Illinois RPS, culminating in ELPC's role as a lead negotiator and advocate for the amended RPS provisions codified by the Future Energy Jobs Act ("FEJA") in 2016.

Plaintiffs challenge the provisions of FEJA creating a new zero emission credit ("ZEC") program for nuclear power plants. Initially, Plaintiffs' Complaint goes out of its way to distinguish the RPS and RECs from the ZEC program directly at issue in this case. *See, e.g.,* Pls.' Compl. at ¶¶ 51-53 (noting that REC programs are "easily distinguishable" and that the "Illinois' ZEC program is different in every respect"). However, Plaintiffs' recently-filed Motion for Preliminary Injunction cites cases that question the constitutionality of state RPS laws, creating the risk that a court order striking down the ZEC program could also affect the Illinois RPS. *See* Pls.' Mem. at 20 (citing dicta calling into question the legality of Michigan's RPS).

ELPC agrees with Plaintiffs' initial position that RECs are "easily distinguishable" from ZECs and that the Court's resolution of the ZEC issues—whichever way it goes—should have no bearing on the legality of the RPS. But in their zeal to overturn the ZEC provisions of FEJA, Plaintiffs have advanced broad interpretations of preemption and dormant commerce clause doctrine that could threaten the RPS. For example, Plaintiffs' memorandum of law in support of their Motion for Preliminary Injunction cites dicta from a Seventh Circuit case for the proposition that states cannot, without violating the commerce clause, adopt policies that subsidize local renewable energy generation without providing "equal credit" for out-of-state RECs. *See* Pls.' Mem. at 20 (citing *Illinois Commerce Comm'n v. FERC*, 721 F.3d 764, 776 (7th Cir. 2013) ("Michigan cannot, without violating the commerce clause of Article I of the Constitution, discriminate against out-of-state renewable energy.")). But Plaintiffs fail to point out that the quoted passage is merely dicta from a case about interstate transmission projects, not the constitutionality of a state RPS law. Other cases that actually involve constitutional

2

challenges to state RPS laws have held differently. *See Allco Fin. Ltd. v. Klee,* Civil Action No. 3:15-cv-608 (CSH), 2016 U.S. Dist. LEXIS 109786 (D. Conn. Aug. 18, 2016); *Energy & Env't Legal Inst. v. Epel*, 793 F.3d 1169 (10th Cir. 2015). Other sections of Plaintiffs' memorandum advance broad interpretations of "*per se* invalidity" under the commerce clause that fail to clearly distinguish between ZECs and RECs. Pls.' Mem. at 20.

ELPC's concerns about Plaintiffs' characterization of preemption and dormant commerce clause doctrine in this case are not merely theoretical. Litigants have used both of these theories to attack (mostly unsuccessfully) state renewable energy laws in several other pending or recently-decided cases, including cases in California,[1] Colorado,[2] Connecticut,[3] and New York.[4] ELPC seeks permissive intervention under Rule 24(b) to defend the Illinois RPS from Plaintiffs' constitutional claims that threaten it.

Unlike intervention of right, Rule 24(b) provides courts with discretion to "permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact," so long as the court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(1)(B), (b)(3); *see Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009); *Solid Waste Agency v. United States Army Corps of Eng'rs*, 101 F.3d 503, 509 (7th Cir. 1996); *City of Chicago v. FEMA*, 660 F.3d 980, 987

---

[1] California Public Utilities Commission: Decision 13-10-074, Order Denying Applications for Rehearing of Decision (D.) 11-12-052 (Oct. 31, 2013) (rejecting challenge to California RPS, no appeal to state court).
[2] *Energy & Env't Legal Inst. v. Epel,* 793 F.3d 1169 (10th Cir. 2015) (upholding district court's dismissal of challenge to Colorado RPS).
[3] *Allco Fin. Ltd. v. Klee,* Civil Action No. 3:15-cv-608 (CSH), 2016 U.S. Dist. LEXIS 109786 (D. Conn. Aug. 18, 2016) (dismissing challenge to Connecticut RPS; appeal pending in the Second Circuit).
[4] New York State Public Service Commission, Case 03-E-0188— Proceeding on Motion of the Commission Regarding a Retail Renewable Portfolio Standard, Order Granting in Part and Denying in Part a Petition for Rehearing (Dec. 23, 2013) (rejecting challenge to New York RPS).

(7th Cir. 2011) (cautioning that "courts must be careful not to collapse" the inquiry for intervention as of right under Rule 24(a) and the inquiry for permissive intervention under Rule 24(b)). Unlike the inquiry for intervention of right, ELPC need not establish that existing parties cannot represent its interests nor must it overcome a presumption of adequate representation by the government to qualify for permissive intervention. *Students & Parents for Privacy v. United States Dep't of Educ.*, No. 16 C 4945, 2016 U.S. Dist. LEXIS 77728, at *10 (N.D. Ill. June 15, 2016).

Judges frequently exercise their discretion to allow parties to intervene under Rule 24(b) where their participation would enable the Court to "address important issues … with fairness and finality." *Students & Parents for Privacy v. United States Dep't of Educ.*, No. 16 C 4945, 2016 U.S. Dist. LEXIS 77728 (N.D. Ill. June 15, 2016) (granting permissive intervention to the Illinois Safe Schools Alliance and three unnamed students to defend the U.S. Department of Education's interpretation of Title IX as it applies to transgender students); *City of Greenville v. Syngenta Crop Prot., Inc.*, No. 10-cv-188-JPG, 2011 U.S. Dist. LEXIS 79755 (S.D. Ill. July 21, 2011) (granting permissive intervention to ELPC and another not-for-profit organization where the Court "might benefit from the input of a third-party" that could "focus its efforts" on the public's right of access to documents).

ELPC meets the standards for permissive intervention under Rule 24(b). As discussed above, Plaintiffs have raised preemption and commerce clause challenges to the Illinois ZEC program that involve common questions of law frequently litigated in cases challenging state RPS laws. Furthermore, ELPC's intervention is timely as ELPC seeks to intervene approximately one week after Plaintiffs filed a Motion for Preliminary Injunction that revealed potential legal risks to the Illinois RPS.

ELPC respectfully requests that the Court exercise its discretion to allow ELPC to intervene and fully participate in this case as a party. ELPC has met the standards for permissive intervention under Rule 24(b) and ELPC's intervention will help to ensure that arguments relevant to the Illinois RPS are raised at an early stage of this litigation and are addressed "with fairness and finality."

Dated: April 10, 2017

Respectfully Submitted,

/s/ Bradley Klein

Howard A. Learner
Robert Kelter
Bradley Klein*
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, Illinois 60601
(312) 673-6500

*Pro hac vice* application pending            HLearner@elpc.org

*Attorneys for Movant-Intervenor Environmental Law & Policy Center*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 10, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 10, 2017              /s/ Howard A. Learner