IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELECTRIC POWER SUPPLY ASSOCIATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-01164 |
| v. | ) ) | Judge Manish Shah |
| ANTHONY M. STAR, in his official capacity as Director of the Illinois Power Agency, et al., | ) ) ) ) | Magistrate Judge Susan Cox |
| Defendants. | | |

**DEFENDANTS' RESPONSE TO MONITORING ANALYTICS LLC MOTION TO INTERVENE**

The defendants, by their attorney, Lisa Madigan, Attorney General of Illinois, submit the following response to the motion of Monitoring Analytics, LLC, to intervene as a plaintiff in this case.

**BACKGROUND**

The movant, Marketing Analytics, serves as a market monitor for PJM, the RTO (Regional Transmission Organization) for much of the eastern United States including northern Illinois. PJM oversees wholesale electric markets in this region under the supervision of the Federal Energy Regulatory Commission. The role of the movant, as described in its motion, "is to monitor each wholesale electric market and to protect the public interest in regulation through competition." Doc. 30, par. 8. It is supposed to "objectively monitor actual or potential design flaws in the PJM Market Rules," and monitor "structural problems in the PJM markets that may inhibit a robust and competitive market." *Id.*

1

The movant seeks to intervene under FRCP 24(a)(2) as matter of right, or alternatively under permissive intervention, Rule 24(b).

**ARGUMENT**

Defendants' position is that the motion should be denied. The movant lacks an interest tangible enough to justify intervention as a matter of right, and has no "claim or defense that shares with the main action a common question of law or fact" that would justify permissive intervention. In addition, giving the market monitor full party status would be unwarranted and complicating, and would not provide any value to the efficient resolution of the dispute.

This is already a large, complex case, with numerous amici seeking to be heard, a case that does not need to get larger and more complex with the addition of more parties than absolutely necessary. Having an opinion on the issues being litigated is not enough to justify intervention of right, and in any event, the market monitor's opinions are already are part of the record in plaintiffs' submissions. Nevertheless, defendants do not oppose the market monitor from participating as an amicus to express its view on the challenged Illinois statute.

**A. INTERVENTION OF RIGHT**

Under Rule 24(a), a party seeking to intervene must "claim an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Defendants are not contesting the timeliness of the intervention request.

An "interest" must be "a direct, significant, legally protectable one." *Habitat Education Center v. Bosworth,* 221 F.R. D. 488, 492 (E. D. Wis. 2004), quoting *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995). The qualifying criteria "signify the

Seventh Circuit's commitment to keeping the scope of intervention of right within reasonable bounds, in recognition of the fact that intervention can impose substantial costs on the parties and the judiciary, not only by making the litigation more cumbersome but also (and more important) by blocking settlement." *Habitat Education,* 221 F.R.D. at 492, quoting *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503, 507 (7th Cir. 1996) (internal quotation marks omitted). The interest of a intervenor need not be a property right, but must be a "significantly protactable interest," *Miami Tribe of Oklahoma v. Walden,* 206 F.R.D. 238, 241 (S. D. Ill. 2001), quoting *Donaldson v. United States,* 400 U.S. 517, 531 (1971), more than a "betting interest." *Id.* at 242. "The critical concern is not the theoretical interests of proposed intervenors…but whether already initiated litigation should be extended to include additional parties." *Id.* (internal citation omitted). "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, making comparison to other cases of limited value." *Id.*, quoting *Sec. Ins. of Hartford,* 69 F.3d at 1381. The intervenor's interests must show a tangible threat to a protactable legal interest as opposed to interests of a "general and indefinite character." *Kitzmiller v. Dover Area School Dist.,* 229 F.R.D. 463, 467 (M.D. Penn. 2005).

  The market monitor asserts in its motion that its interest is the effective functioning of a robust and competitive market in PJM. This is essentially the same point plaintiffs are making on the merits of their preemption and Commerce Clause claims. The monitor is not claiming it will suffer any adverse effects to its business if the ZEC statute is upheld, nor that it will suffer pecuniary loss if ZEC credits are issued. There will still be a wholesale PJM electricity market for it to oversee no matter how the merits of the suit are resolved. Instead, its interests in this case appear to be more abstract and theoretical than tangible, in the sense that it believes (we

3

presume) state policy choices should avoid any possible impacts on wholesale electric markets, and that such choices are preempted by federal law when they do. But these are legal arguments the plaintiffs are more than capable of presenting.

In fact, plaintiffs have *already* presented the movant's views in their own papers. In their memorandum in support of their motion for preliminary injunction, plaintiffs have submitted a report from Marketing Analytics as an exhibit. Doc. 38-8, Ex. F. This report contains the Market Monitor's view on "external subsidies" and the Illinois legislation.

A further consideration under Rule 24(a)(2) is whether the intervenor's interest (assuming it is legally sufficient) can be adequately protected by existing parties. The plaintiffs here can certainly do that, and their submission of a report from the movant shows that plaintiffs and movant are in effect speaking with the same voice. The case does not need another intervenor, with the right to file motions, issue discovery requests, present evidence at a hearing, etc.—especially when plaintiffs are already covering the same ground. Intervention as a matter of right should be denied.

### B. PERMISSIVE INTERVENTION

Under Rule 24(b), the Court can permit a party to intervene if the party has a claim or defense that shares with the main action a common question of law or fact. In making this "wholly discretionary" decision, *Keith v. Daley,* 764 F.2d 1265, 1271 (7th Cir. 1985), the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FRCP 24(b).

It is difficult to see what kind of "claim" the movant could present in a pleading sufficient to justify intervention under Rule 24(a) or (b). No pleading was attached with its motion as required by Rule 24(c). For the same reasons previously discussed, permissive intervention

4

should be denied. As the market monitor, the movant lacks a real tangible claim of injury distinct from the litigation position already being asserted by plaintiffs; and plaintiffs have already adopted the movant's views in court filings. If allowed to intervene, Marketing Analytics would have the right to litigate as a party. It is difficult to see what marginal efficiency or benefit would be gained if that were allowed, or how it would facilitate this Court's ability to reach a full and well-considered judgment on the merits. On the other hand, the disadvantages of adding a new party to the case--with the ability to file motions, conduct discovery, and present evidence at a trial--has the potential to delay the case's ultimate resolution. A simple cost-benefit analysis should lead the Court to deny the motion.

**CONCLUSION**

For the foregoing reasons, defendants request that the motion to intervene of Monitoring Analytics be denied.

Respectfully submitted,

 /s/ *Thomas Ioppolo*
Thomas Ioppolo
*tioppolo@atg.state.il.us*
Assistant Attorney General
100 W. Randolph St., 11th Floor
Chicago, IL 60601
(312) 814-7198)

Richard S. Huszagh
*rhuszagh@atg.state.il.us*
Assistant Attorney General
100 W. Randolph St., 12th Floor
Chicago, IL 60601
(312) 814-2587

April 12, 2017