IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELECTRIC POWER SUPPLY ASSOCIATION, DYNEGY INC., EASTER GENERATION LLC, NRG ENERGY, INC., and CALPINE CORPORATION<br>      Plaintiffs,<br><br>    v.<br><br>ANTHONY M. STAR, in his official capacity as Director of the Illinois Power Agency, and BRIEN J. SHEAHAN, JOHN R. ROSALES, SADZI MARTHA OLIVA, MIGUEL DEL VALLE, and SHERINA MAYE EDWARDS, in their official capacities as Commissioners of the Illinois Commerce Commission<br>      Defendants. | Case No. 1:17-cv-01164<br><br>District Judge Manish S. Shah<br><br>Magistrate Judge Susan E. Cox |

## BRIEF OF *AMICUS CURIAE* ENVIRONMENTAL LAW & POLICY CENTER

The Environmental Law & Policy Center ("ELPC") respectfully submits this amicus brief to defend the well-grounded Illinois Renewable Portfolio Standard ("RPS") from potential collateral damage resulting from an overbroad and incorrect reading of Plaintiffs' claims. As explained below, the Illinois RPS is severable from the nuclear Zero-Emission Credit ("ZEC") section of the overall statute, and the Illinois RPS is constitutional.

The Illinois RPS was enacted in 2007 to accelerate new clean wind power and solar energy development that will avoid pollution, create jobs and spur economic growth. The statute requires the Illinois Power Agency to procure renewable energy credits ("RECs") from wind, solar and other renewable energy projects to eventually achieve 25% of the utilities' energy provided to consumers by 2025. 20 ILCS 3855/1-75(c). The Illinois Future Energy Jobs Act of 2016 ("FEJA") amended and modernized the Illinois RPS. 2016 Ill. Legis. Serv. P.A. 99-906

1

(S.B. 2814) (West). In a separate, severable section, the FEJA also created the nuclear energy ZEC program, which is challenged in this case. Plaintiffs have not directly challenged the RPS, but they have advanced constitutional arguments that, if read broadly and incorrectly (in ELPC's view), could affect the RPS. For example, Plaintiffs cite *dicta* from *Illinois Commerce Comm'n v. FERC*, 721 F.3d 764 (7th Cir. 2013), which questioned the constitutionality of Michigan's RPS even though that out-of-circuit state statute was not directly at issue in that Seventh Circuit case. Pls.' Mem. in Supp. of Mot. for Prelim. Inj., ECF No. 38-1 at 20.

ELPC respectfully urges this Court to carefully tailor its ruling to determine issues involving the nuclear ZEC program, and not implicate the Illinois RPS program. The Illinois RPS is separate from the nuclear ZEC program, and it is explicitly severable: "The provisions of this Act [FEJA] are severable under Section 1.31 of the Statute on Statutes." [1]

## I. The Illinois RPS is Severable.

The Future Energy Jobs Act has separate and independent renewable energy, nuclear energy, and energy efficiency sections.[2] The FEJA's severability clause confirms the black letter principle of Illinois law that separate provisions of the same Act should be construed as severable, as long as they can be given independent effect. "Mindful of our obligation to uphold legislative enactments whenever reasonably possible we may excise the offending portion from

---

[1] The FEJA's severability clause is contained in Section 97 of the Act: "The provisions of this Act are severable under Section 1.31 of the Statute on Statutes," which, in turn, states:
  **Sec. 1.31.** If any provision of an Act enacted after the effective date of this amendatory Act or application thereof to any person or circumstance is held invalid, such invalidity does not affect other provisions or applications of the Act which can be given effect without the invalid application or provision, and to this end the provisions of each Act enacted after the effective date of this amendatory Act are severable, unless otherwise provided by the Act. 5 ILCS 70/1.31.

[2] The FEJA is 503 pages long. The law has separate sections that, *inter alia*, amend the Illinois Power Agency Act to add a new "Zero Emissions Standard" (20 ILCS 3855/1-75(d-5)), amend the Illinois Power Agency Act to amend the existing Renewable Portfolio Standard (20 ILCS 3855/1-75(c)), and amend the Illinois Public Utilities Act to add new provisions related to electricity and natural gas energy efficiency programs (220 ILCS 5/8-103B). *See* P.A. 99-0903.

the Act and preserve the remainder, provided the remainder is complete in and of itself, and is capable of being executed wholly independently of the severed portion." *People v. Sanders*, 182 Ill. 2d 524, 534 (Ill. 1998). In the Seventh Circuit, state law determines whether invalid provisions of state law can be severed from the whole in a federal case. *Burlington N. & Santa Fe Ry. Co. v. Doyle*, 186 F.3d 790, 804 (7th Cir. 1999); *see Prof'l Towing & Recovery Operators of Illinois v. Box*, 965 F. Supp. 2d 981, 1007 (N.D. Ill. 2013) (applying Illinois severability law in a federal preemption case).

The FEJA amended the 2007 RPS statute, but kept its basic structure intact, including the original 25% by 2025 renewable energy supply standard. The best evidence that the RPS is "capable of being executed wholly independently" is that the Illinois Power Agency has, in fact, been independently implementing the Illinois RPS for ten years. By contrast, the nuclear energy ZEC program is newly created under the FEJA. *See* P.A. 99-0906, enacting 20 ILCS 3855/1-75(d-5) ("Zero emission standard" for nuclear energy). Nuclear ZECs are new to Illinois, and the nuclear ZEC concept itself is new to the nation. More than 30 states have an RPS (with the first dating back to the early 1980's), but only the state of New York has a ZEC program, which it recently adopted in 2016, and is now being appealed. There has been no ZEC procurement in Illinois or in any other state.

The FEJA's structure also supports severability. In addition to the severability clause at Section 97 of the Act, the Illinois RPS and ZEC program are implemented independently through different plans and programs to achieve different goals.[3] The two programs are also

---

[3] The Illinois Power Agency and Illinois Commerce Commission plan and approve ZEC procurements through a "Zero Emission Standard Procurement Plan" prepared pursuant to Section 1-75(d-5) of the Illinois Power Agency Act, 20 ILCS 3855/1-75(d-5). REC procurements are governed by a separate "Long-Term Renewable Resources Procurement Plan" pursuant to Section 1-75(c) of the Illinois Power Agency Act and Section 16-111.5 of the Public

supported by different legislative findings and purposes.[4] If the Court were to rule in favor of the Plaintiffs, ELPC urges that the Court confine its decision to the nuclear ZEC program and explicitly preserve the remainder of the FEJA (including the renewable energy RPS), mindful of the obligation under Illinois law "to uphold legislative enactments wherever reasonably possible." *Sanders*, 182 Ill. at 534.

## II. The Illinois RPS is Constitutional.

The Illinois RPS is constitutional, and Plaintiffs concede that "this case [does not] require the Court to make any decision on RECs." Pls.' Opp'n to Mot. to Dismiss, ECF No. 83 at 24; *see* Pls.' Compl. at ¶¶ 51-53 (noting that REC programs are "easily distinguishable" and that the "Illinois' ZEC program is different in every respect").

Other sections of Plaintiffs' briefs, however, send potential mixed messages. *See* Pls.' Mem. in Supp. of Mot. for Prelim. Inj. at 20 (citing dicta from *Illinois Commerce Comm'n v. FERC*, 721 F.3d 764, 776 (7th Cir. 2013) ("Michigan cannot, without violating the commerce clause of Article I of the Constitution, discriminate against out-of-state renewable energy.")). Plaintiffs argue that no case holds "all RECs are *per se* valid." Pls.' Mem. in Opp'n to Mot. to Dismiss at 24. That's not quite correct, and it's not relevant to the ZEC issues raised here. Several federal courts and state utilities commissions have already upheld the constitutionality of

---

Utilities Act, 220 ILCS 5/16-111.5(b)(5). These plans are developed and administered independently by the Illinois Power Agency and approved separately by the Commission.

[4] The FEJA contains a separate legislative findings section, applicable only to the Zero Emissions Standard, finding that zero emission generation (i.e. nuclear generation) "currently falls outside the scope of the existing renewable portfolio standard" and therefore requires independent policy support. *See* P.A. 99-0906, Sec 1.5. ("Zero emission standard legislative findings.").

state RPS laws, including recent decisions in California,[5] Colorado,[6] Connecticut,[7] and New York.[8]

Illinois enacted the RPS statute to "diversify Illinois electricity supply, avoid and reduce pollution, reduce peak demand, and enhance public health and well-being of Illinois residents." 20 ILCS 3855/1-5(6). These legitimate state purposes are accomplished by creating an expanded new market for state-defined RECs. *See Wheelabrator Lisbon, Inc. v. Connecticut Dep't of Pub. Util. Control*, 531 F.3d 183, 186 (2d Cir. 2008) (explaining that RECs are "inventions of state property law"). Having done so, Illinois is not somehow obligated to spread the benefits of the state-created RPS market beyond those who ultimately pay for the REC subsidies through their rates. *Allco Fin. Ltd. v. Klee*, 2016 U.S. Dist. LEXIS 109786 at *76 (D. Conn. Aug. 18, 2016) (upholding Connecticut RPS); *see also McBurney v. Young*, 133 S. Ct. 1709, 1712–13 (2013) ("A State does not violate the dormant Commerce Clause when, having created a market through a state program, it 'limits benefits generated by [that] state program to those who fund the state treasury and whom the State was created to serve.'").

There has been no serious argument raised that the Illinois RPS is unconstitutional, and it is not. The Court should take care in its decisions to avoid creating any confusion about the legality of the Illinois RPS that could put at issue achievement of the state's clean energy goals.

---

[5] California Public Utilities Commission: Decision 13-10-074, Order Denying Applications for Rehearing of Decision (D.) 11-12-052 (Oct. 31, 2013) (CPUC denied constitutional challenge to California RPS; no appeal to state court).

[6] *Energy & Env't Legal Inst. v. Epel,* 793 F.3d 1169 (10th Cir. 2015) (appellate court upheld district court's dismissal of commerce clause challenge to Colorado RPS).

[7] *Allco Fin. Ltd. v. Klee,* Civil Action No. 3:15-cv-608 (CSH), 2016 U.S. Dist. LEXIS 109786 (D. Conn. Aug. 18, 2016) (District Court dismissed Commerce Clause challenge to Connecticut RPS; appeal pending in the Second Circuit).

[8] New York State Public Service Commission, Case 03-E-0188— Proceeding on Motion of the Commission Regarding a Retail Renewable Portfolio Standard, Order Granting in Part and Denying in Part a Petition for Rehearing (Dec. 23, 2013) (New York RPS upheld by PSC).

Dated: May 15, 2017  Respectfully Submitted,

/s/ Howard A. Learner

Howard A. Learner
Robert Kelter
Bradley Klein*
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, Illinois 60601
(312) 673-6500

**Pro hac vice* application pending   HLearner@elpc.org
*Attorneys for the
Environmental Law & Policy Center*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 15, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 15, 2017                                                 /s/ Howard A. Learner