**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELECTRIC POWER SUPPLY ASSOCIATION, *et al.*, | |
| Plaintiffs, | No. 17 CV 1164 |
| v. | Judge Manish S. Shah |
| ANTHONY M. STAR, *et al.*, | Magistrate Judge Susan E. Cox |
| Defendants. | |

**PLAINTIFFS' BRIEF REGARDING**
*ALLCO FINANCE LIMITED v. KLEE*

Jonathan S. Massey (*pro hac vice*)
MASSEY & GAIL, LLP
1325 G Street, NW
Suite 500
Washington, DC 20005
Telephone: (202) 652-4511
jmassey@masseygail.com

Leonard A. Gail
Suyash Agrawal
Paul J. Berks
MASSEY & GAIL, LLP
50 East Washington Street
Suite 400
Chicago, IL 60602
Telephone: (312) 283-1590
lgail@masseygail.com
sagrawal@masseygail.com
pberks@masseygail.com

Jonathan D. Schiller (*pro hac vice*)
David A. Barrett (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
jschiller@bsfllp.com
dbarrett@bsfllp.com

Stuart H. Singer (*pro hac vice*)
William T. Dzurilla (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com
wdzurilla@bsfllp.com

Edward J. Normand (*pro hac vice*)
Jason C. Cyrulnik (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
enormand@bsfllp.com
jcyrulnik@bsfllp.com

Dated: July 10, 2017                                   *Attorneys for Plaintiffs*

Pursuant to the Court's June 30 Docket Entry (ECF 103), Plaintiffs address *Allco Finance Limited v. Klee*, No. 16-2946, __ F.3d __, 2017 WL 2782856 (2d Cir. June 28, 2017).

## I. Standing

*Allco* held that the plaintiff in that case had standing to pursue preemption and Commerce Clause claims. *Allco* slip op. ("Op.") at 23-25, 41. Just as Defendants do here, the *Allco* defendants argued that plaintiff lacked standing to bring an FPA preemption claim in light of *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S.Ct. 1378 (2015). *See* Brief of K.S. Dykes, *et al*. (No. 16-2946, ECF 128) at 28-30. The Second Circuit upheld standing without mentioning this argument, thus effectively rejecting it. Exelon also contends that Plaintiffs lack standing because the value of a ZEC decreases as wholesale electricity prices rise. But as *Allco* recognized, "the fact that an injury may be outweighed by other benefits, while often sufficient to defeat a claim for damages, does not negate standing." Op. at 25 n.10 (quotation omitted). Accordingly, *Allco* supports Plaintiffs' standing in the instant case.

## II. Preemption

*Allco*'s preemption analysis is entirely consistent with Plaintiffs' position in this case. Indeed, *Allco* found that Connecticut's renewable generation contracts "are the kind of traditional bilateral contracts between utilities and generators that are subject to FERC review for justness and reasonableness. . . . They are, in other words, precisely what the *Hughes* court placed outside its limited holding." Op. at 34 (citations omitted). In applying the factors set out in *Hughes*, *Allco* focused on three points, all of which support Plaintiffs here.

*First*, although the plaintiff in *Allco* contended the Connecticut program compelled LSEs to contract with the renewable generators who were the "winning bidders," the Second Circuit found that the challenged RFP did ***not*** require forced purchases, and gave LSEs discretion to

1

accept or reject bids. Op. at 28-30. Here, the opposite is true – Illinois LSEs have no right to decline to enter into ZEC purchase contracts. *See* 20 ILCS 3855/1-75(d-5)(1).

*Second*, in the Connecticut program, any voluntary bilateral contracts between LSEs and renewable generators to purchase RECs take effect only if and when they are approved as "just and reasonable" by FERC (Op. at 34). FERC's review considers, *inter alia*, whether the contract was the product of good-faith, arms-length negotiation. *See Morgan Stanley Capital Group Inc. v. Public Utility Dist. No. 1*, 554 U.S. 527, 548 (2008). In stark contrast to Connecticut, Illinois LSEs are compelled to enter into ZEC purchase contracts that are ***not*** conditioned on FERC review or approval, and the contract price is set by state regulation, not arms-length negotiation.

*Third*, the *Allco* Court found that the voluntary, bilateral REC contracts there did not have the "fatal defect" that afflicted the Maryland contracts in *Hughes*, because in Connecticut, "transfers [of] ownership of electricity from one party to another by contract [are] independent of the [FERC-regulated wholesale energy] auction." Op. at 34. Here, Plaintiffs allege that Exelon's nuclear plants will receive ZECs only to the extent they produce electricity and that all electricity they produce must be sold in the FERC-regulated PJM or MISO wholesale auction markets. Moreover, the ZEC price is directly tethered to those market prices and is necessarily payable only for electricity that clears the auctions. Complaint ¶¶ 5, 36, 53, 63-64.[1]

*Finally*, *Allco* involved RECs, which are different from ZECs for the many reasons set forth in previous filings in this action. *See id*. ¶ 51-53; ECF 83 (Plaintiffs Opp. Br.) at 21-24;

---

[1] The *Allco* plaintiff also argued that, even though the Connecticut program was unrelated to the FERC-approved auctions, any resulting contracts would place "downward pressure" on wholesale prices. Op. at 38. The Second Circuit held that such effects were too "indirect" and "incidental" to support preemption. For the reasons stated in the text, this reasoning does not apply here, where the ZECs, unlike Connecticut's RECs, are "tethered to a generator's wholesale market participation" and conditioned "on capacity clearing the auction." Op. at 38-39 (quoting *Hughes*, 136 S.Ct. at 1299).

2

ECF 68-1 (Am. Wind Energy Ass'n Amicus Br.) at 6-10.  For all of the foregoing reasons, *Allco* provides no support for dismissal of Plaintiffs' preemption claims.

### III.    Commerce Clause

The facts on which the Second Circuit relied in dismissing Allco's Commerce Clause claims are absent here.  *First*, Connecticut's program did not require utilities to purchase RECs at all; it simply *permitted* LSEs to use RECs to meet their renewable energy portfolio ("RPS") requirements, which they otherwise had to satisfy by generating renewable energy themselves. Op. at 18.  The Illinois ZEC program affords no such flexibility in responding to market conditions, because it requires LSEs to purchase ZECs from specified in-state nuclear plants. *See* Complaint ¶ 59; 20 ILCS 3855/1-75(d-5)(1).

*Second*, the *Allco* court considered at length the geographic discrimination inherent in the Connecticut program, which was limited to RECs sold by generators located in seven states that delivered electricity into the grid serving Connecticut.  Op. at 19-20.  The court found no discrimination against generators located elsewhere because the burden on commerce was not "excessive in relation to the putative [local] benefits" including encouraging development of renewable facilities that could actually transmit electricity into the Connecticut grid.  Op. at 20, 41-53.  A "significant" consideration was that FERC "created the geographic distinctions on which Connecticut's program" "piggybacks;" the state did not draw boundaries to facilitate economic protectionism.  Op. at 51-52.  This case is different.  Illinois did not "piggyback" on the "economic wisdom" of FERC-drawn lines, *id.*, but rather intended to favor only selected in-state nuclear plants even though its grid is served by similarly-situated out-of-state facilities. Complaint ¶¶ 58-62, 65.  While some ninety percent of the Connecticut RECs came from out of state (Op. at 43 n.16), there will be zero ZEC payments made to facilities outside of Illinois.

3

| | |
|---|---|
| Dated: July 10, 2017 | Respectfully submitted, |
| | By: /s/ Stuart H. Singer |
| | Stuart H. Singer |
| Jonathan S. Massey (*pro hac vice*) | Jonathan D. Schiller (*pro hac vice*) |
| MASSEY & GAIL, LLP | David A. Barrett (*pro hac vice*) |
| 1325 G Street, NW, | BOIES SCHILLER FLEXNER, LLP |
| Suite 500 | 575 Lexington Avenue, 7th Floor |
| Washington, DC 20005 | New York, NY 10022 |
| Telephone: (202) 652-4511 | Telephone: (212) 446-2300 |
| jmassey@masseygail.com | jschiller@bsfllp.com |
| | dbarrett@bsfllp.com |
| Leonard A. Gail | Stuart H. Singer (*pro hac vice*) |
| Suyash Agrawal | William T. Dzurilla (*pro hac vice*) |
| Paul J. Berks | BOIES SCHILLER FLEXNER LLP |
| MASSEY & GAIL, LLP | 401 East Las Olas Blvd., Suite 1200 |
| 50 East Washington Street, Suite 400 | Fort Lauderdale, FL 33301 |
| Chicago, IL 60602 | Telephone: (954) 356-0011 |
| Telephone: (312) 283-1590 | ssinger@bsfllp.com |
| lgail@masseygail.com | wdzurilla@bsfllp.com |
| sagrawal@masseygail.com | |
| pberks@masseygail.com | Edward J. Normand (*pro hac vice*) |
| | Jason C. Cyrulnik (*pro hac vice*) |
| | BOIES SCHILLER FLEXNER LLP |
| | 333 Main Street |
| | Armonk, NY 10504 |
| | Telephone: (914) 749-8200 |
| | enormand@bsfllp.com |
| | jcyrulnik@bsfllp.com |

*Attorneys for Plaintiffs*


**CERTIFICATE OF SERVICE**

    I certify that on July 10, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users.

                                                                     By: /s/ Stuart H. Singer